[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On April 11, 2001, the plaintiff, Michael Ravalese, filed the present one-count complaint alleging breach of contract by the defendant, Merimack Mutual Fire Insurance Company. On April 24, 2001, the defendant filed a motion seeking summary judgment on the ground that the action was not filed within one year as required by the insurance contract and General Statutes § 38a-307.
The relevant insurance contract provision found in Section I — Conditions, Paragraph 8 provides:
 "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."
Our Supreme Court has held that this provision of the policy is mandated by General Statutes §§ 38a-308 (a) and 38a-307. Bocchino v. NationwideMutual Fire Insurance Company, 246 Conn. 378, 380 (1998).
The plaintiff opposes summary judgement claiming there is a genuine issue of material fact in regards to the date of loss based on three documents: (1) a letter from Claims Examiner Ann Marie Ryan dated August 23, 2000; (2) a letter from Attorney Stuart Blackburn dated June 1, 2000; (3) Statement as to Full Cost of Repair or Replacement dated May CT Page 10522 3, 2000; and (4) a letter from Insurance Adjuster Brian Carabetta dated May 1, 2000. These documents are all similar in that they indicate in their captions that the date of loss was March 28, 2000.
The complaint alleges in relevant part that "[o]n or about [February 12, 2000,] the [d]efendant sustained serious damage to said premises by reason of a leaking valve of a radiator. . . ." In support of its motion for summary judgment, the defendant attached a certified copy of the plaintiff's examination under oath in which the plaintiff testified that the date of loss was on or around February 12, 2000.
The documents submitted by plaintiff are insufficient to create a genuine issue of material fact. There is no indication in the file that the plaintiff sought or seeks to amend the complaint to comport with the date of loss, March 28, 2000, the reference to which defendant claims was a harmless error. There is no allegation of reliance on the part of the plaintiff for the misstated date of March 28, 2000. Furthermore, there appears to be no basis for this court to apply equitable doctrines of estoppel or waiver to preserve the present action since these have not been pleaded or alleged. O'Hara v. State, 218 Conn. 628, 640n n. 9 (1991).
Accordingly, the defendant's motion for summary judgement is granted.
Wagner, JTR